**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

APRIL HEDRICK SCHAAL, a/k/a April
Hendrick Schaal,
            *Defendant-Appellant.*

No. 02-4608

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-458)

Argued: May 7, 2003

Decided: August 12, 2003

Before WILKINS, Chief Judge, and WILKINSON and
MOTZ, Circuit Judges.

_____

Affirmed by published opinion. Chief Judge Wilkins wrote the opinion, in which Judge Wilkinson and Judge Motz joined.

_____

## COUNSEL

**ARGUED:** Anne Rebecca Littlejohn, Greensboro, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee. **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Winston-Salem, North Carolina, for Appellee.

**OPINION**

WILKINS, Chief Judge:

April Hedrick Schaal appeals her sentence for various firearms offenses. Finding no error, we affirm.

I.

Schaal and her husband Chris were arrested on February 27, 2001 when law enforcement officers witnessed them breaking into a home. Chris subsequently informed authorities that he and Schaal had broken into residences in three North Carolina counties and stolen various items, including firearms.

That same day, investigators executed a search warrant at the Schaals' residence and found a revolver that had been stolen on February 6, 2001. Investigators later found more firearms in a storage unit rented by Schaal. The investigators learned that the Schaals had traded many of their stolen firearms for drugs and that they had sold many others, some to juveniles.

On January 25, 2002, the Schaals were charged in a 20-count superseding indictment with one count of dealing firearms without a license, *see* 18 U.S.C.A. § 922(a)(1)(A) (West 2000); 16 counts of possessing stolen firearms, *see* 18 U.S.C.A. § 922(j) (West 2000); two counts of selling firearms to juveniles, *see* 18 U.S.C.A. § 922(x)(1) (West 2000); and one count of using a firearm during and in relation to a drug trafficking crime ("Count Nineteen"), *see* 18 U.S.C.A. § 924(c) (West 2000). Schaal pleaded guilty to all counts pursuant to a written plea agreement. In determining her sentence under the sentencing guidelines, the district court grouped all counts other than Count Nineteen, *see U.S. Sentencing Guidelines Manual* § 3D1.2(d) (2000). The court applied several adjustments to Schaal's offense level, including an enhancement of two levels because at least one of the firearms that she sold was stolen, *see* U.S.S.G. § 2K2.1(b)(4), and an enhancement of four levels because she possessed or used at least one of the weapons in connection with another felony offense—*inter alia*, the state-law breaking and entering and larceny offenses that

produced the stolen weapons, *see* U.S.S.G. § 2K2.1(b)(5). The court sentenced Schaal to 50 months imprisonment on the grouped counts and to a consecutive term of 60 months on Count Nineteen.

## II.

Schaal asserts that the district court engaged in two instances of impermissible double counting in determining her guideline range.* It is well established that "[t]he Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended." *United States v. Williams*, 954 F.2d 204, 208 (4th Cir. 1992). Accordingly, "[a]n adjustment that clearly applies to the conduct of an offense must be imposed unless the Guidelines expressly exclude its applicability." *Id.* at 207.

Schaal's claims involve a legal interpretation of the Sentencing Guidelines, which we review de novo. *See United States v. Dawkins*, 202 F.3d 711, 714 (4th Cir. 2000). We conclude that no impermissible double counting occurred.

## A.

Schaal first argues that the § 2K2.1(b)(4) stolen firearm enhancement was impermissible because the fact that the firearms were stolen was an element of 16 of the 19 grouped offenses. Because the counts were grouped together under U.S.S.G. § 3D1.2(d), the guidelines provide that "the offense guideline applicable to the aggregate behavior is used"; thus, the court "[d]etermine[s] whether . . . specific offense characteristics or adjustments . . . apply based on the combined offense behavior taken as a whole." U.S.S.G. § 3D1.3, comment. (n.3). Schaal contends that Application Note 12 to § 2K2.1 bars the

---

*Schaal also argues that the district court erred in increasing her offense level by four levels under § 2K2.1(b)(5). Schaal contends that none of the state-law offenses identified by the district court constitutes "another felony offense" within the meaning of the guideline. She is incorrect. *See United States v. Blount*, No. 02-4669 (4th Cir. circulated June 30, 2003) (holding that a felony may serve as the basis for a § 2K2.1(b)(5) enhancement if it is different from the offense of conviction under *Blockburger v. United States*, 284 U.S. 299 (1932)).

imposition of a (b)(4) enhancement in the calculation of a group offense level if any offense in the group has a stolen firearm element. Application Note 12 reads, in relevant part:

> *If the only offense to which § 2K2.1 applies is 18 U.S.C.*
> *§ 922(i), (j), or (u), or 18 U.S.C. § 924(l) or (m) (offenses*
> *involving a stolen firearm or stolen ammunition)* and the
> base offense level is determined under subsection (a)(7), do
> not apply the adjustment in subsection (b)(4) unless the
> offense involved a firearm with an altered or obliterated
> serial number. This is because the base offense level takes
> into account that the firearm or ammunition was stolen.

U.S.S.G. § 2K2.1, comment. (n.12) (emphasis added).

By its plain terms, this note does not prohibit the (b)(4) enhancement here because § 2K2.1 does not apply *only* to Schaal's stolen firearms offenses; it applies as well to the offenses of selling firearms to juveniles and selling firearms without a license. Were the (b)(4) enhancement disallowed here, Schaal's offense level would not reflect the increased severity of her crimes based on the fact that some of the firearms she sold to juveniles and sold without a license were stolen. Indeed, disallowing a (b)(4) enhancement for grouped offenses when at least one offense in a group is a stolen firearm offense would produce absurd results. For example, a defendant who stood convicted of one count of selling a firearm to a juvenile and faced a two-level enhancement because the weapon was stolen might receive a higher offense level than he would if he were convicted of the very same offense *plus* one count of possession of a stolen weapon. That is so because under Schaal's proposed rule, it is possible that the only effect the extra conviction would have on the guidelines determination would be to disqualify the defendant from receiving the (b)(4) enhancement. We therefore conclude that the (b)(4) enhancement was properly applied.

B.

Schaal next maintains that the district court impermissibly double counted by applying both the (b)(4) enhancement—because the firearms were stolen—and the (b)(5) enhancement—because Schaal used

or possessed a firearm in connection with another felony offense. Schaal contends that the (b)(5) enhancement already takes into account the fact that the weapons here were stolen and therefore that the (b)(4) enhancement constituted double counting.

Nothing in the guidelines expressly forbids the application of a (b)(4) and a (b)(5) enhancement under these circumstances. In fact, Application Note 12 to U.S.S.G. § 2K2.1, discussed in the previous subsection, explicitly addresses double counting with regard to (b)(4) enhancements. It indicates, with exceptions not applicable here, that application of a (b)(4) enhancement is impermissible if the only offenses governed by § 2K2.1 are stolen firearm or ammunition offenses and the base offense level is determined under § 2K2.1(a)(7). That the Commission discussed double counting with regard to (b)(4) without forbidding simultaneous application of the (b)(4) and (b)(5) enhancements provides strong evidence that the Commission did not intend to prohibit the enhancements here. *See United States v. Kenney*, 283 F.3d 934, 938-39 (8th Cir.) (upholding simultaneous imposition of (b)(4) and (b)(5) enhancements), *cert. denied*, 123 S. Ct. 270 (2002).

We also note that the two enhancements here are conceptually separate, as evidenced by the fact that either can apply in the absence of the other. *See id.* For example, only the (b)(4) enhancement would apply to a defendant who unlawfully possessed a firearm without knowledge that the firearm was stolen. *See* U.S.S.G. § 2K2.1, comment. (n.19). And, only the (b)(5) enhancement would apply to a defendant who unlawfully possessed a firearm and used it to commit a robbery.

For these reasons, we hold that the district court did not engage in impermissible double counting in applying the two enhancements together.

III.

In sum, finding no error, we affirm the sentence imposed by the district court.

*AFFIRMED*