Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 03-4936

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN CARLOS ESCAMILLA-VASQUEZ, a/k/a Jose
Estrada,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle, Chief
District Judge. (CR-03-175-BO)

_____

Submitted: June 18, 2004          Decided: July 13, 2004

_____

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Jane E. Pearce, Research &
Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D.
Whitney, United States Attorney, Christine Witcover Dean, John S.
Bowler, Assistant United States Attorneys, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Juan Carlos Escamilla-Vasquez pled guilty without benefit of a plea agreement to re-entering the United States after being deported, 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to a term of sixty months imprisonment. Escamilla-Vasquez appeals his sentence, alleging that the district court erred in calculating his criminal history under U.S. Sentencing Guidelines Manual § 4A1.1 (2002). We affirm.

Escamilla-Vasquez's criminal history score consisted entirely of sentences counted under USSG § 4A1.1(c), a total of nine points. No more than four points may be counted under § 4A1.1(c); however, the district court added one more point under § 4A1.1(f), which permits one point for each sentence for a crime of violence that was not counted under § 4A1.1(a), (b), or (c) because it was considered related to another sentence for a crime of violence. See USSG § 4A1.2(a)(2) & comment. (n.3) (defining related cases). To the subtotal of five points, another two points were added under § 4A1.1(d) because Escamilla-Vasquez was on probation when he committed the instant offense. The total was seven criminal history points, which placed Escamilla-Vasquez in category IV.

Escamilla-Vasquez objected to the additional point counted under § 4A1.1(f), arguing that the maximum of four points applicable to sentences counted under § 4A1.1(c) also applied to

points given under § 4A1.1(f). The district court determined that the criminal history was correctly calculated.

On appeal, Escamilla-Vasquez asserts that applying § 4A1.1(f) to sentences counted under § 4A1.1(c), when it results in points being assigned beyond the four-point maximum, leads to unjust sentencing. He argues that, in his case, it constituted impermissible triple counting, and the rule of lenity should have been applied to preclude the extra point. Because the issue involves the district court's legal interpretation of the guidelines, our review is de novo. United States v. Schaal, 340 F.3d 196, 198 (4th Cir. 2003).

Escamilla-Vasquez does not identify any error in the criminal history calculation adopted by the district court. He contends instead that the application of § 4A1.1(f) to § 4A1.1(c) offenses leads to results that were not intended by the Sentencing Commission because prior consolidated sentences for crimes of violence expose a defendant to more criminal history points than prior unconsolidated crimes of violence and thus penalize the defendant for state sentencing procedures. Escamilla-Vasquez concedes that "the guidelines should be applied as written," and that double or triple counting is permissible unless expressly prohibited. See United States v. Crawford, 18 F.3d 1173, 1179-80 (4th Cir. 1994). Nonetheless, he argues that the addition of one criminal history point under § 4A1.1(f) in his case constituted

impermissible triple counting because his 2001 convictions were used to enhance his offense level, USSG § 2L1.2(b)(1)(A)(ii); were counted in his criminal history score under § 4A1.1(c); and the sentence for one of them resulted in an additional criminal history point under § 4A1.1(f).  We find no merit in these contentions and perceive no error in the district court's determination of Escamilla-Vasquez's criminal history calculation.  With respect to the rule of lenity, which generally calls for courts to construe ambiguous criminal statutes against the government and in favor of the defendant, see <u>United States v. Photogrammetric Servs., Inc.</u>, 259 F.3d 229, 249 (4th Cir. 2001), it does not apply because the guidelines at issue are not ambiguous.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>