**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4914**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL ANGEL BANOS-OLMEDO,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-03-224)

---

Submitted: June 22, 2005

Decided: July 19, 2005

---

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Miguel Angel Banos-Olmedo, a native and citizen of Mexico, appeals his conviction and sentence to twenty-seven months in prison and two years of supervised release following his guilty plea to possession of a firearm by an alien illegally in the United States in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2000). Banos-Olmedo's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issue of whether the district court erred by "double counting" when applying both a four-level enhancement under United States Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(5) (2002) for using the firearm in connection with another felony and a three-level enhancement under USSG § 3A1.2(b) for assaulting a law enforcement officer.[*] Banos-Olmedo has been informed of his right to file a pro se supplemental brief

---

[*]We note that following United States v. Booker, 125 S. Ct. 738 (2005), we granted Banos-Olmedo an opportunity to file a supplemental brief, but his attorney declined to do so "since Appellant has completed his confinement and has been deported to Mexico, and given the lack of meritorious issues." We further note that Banos-Olmedo admitted the facts underlying the enhancements either at his plea hearing or at sentencing, see United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005), and the district court denied his request to depart downward based on his injuries because they were "his own doing." Thus, even if Banos-Olmedo asserted error by the district court in failing to treat the guidelines as advisory, we find there is no nonspeculative basis in the record for concluding the error was prejudicial. See United States v. White, 405 F.3d 208, 225 (4th Cir. 2005).

but has not done so.  Finding no meritorious issues and no reversible error by the district court, we affirm.

"It is well established that '[t]he Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended.'" United States v. Schaal, 340 F.3d 196, 198 (4th Cir. 2003) (quoting United States v. Williams, 954 F.2d 204, 208 (4th Cir. 1992)).  Double counting is permissible under the federal sentencing guidelines except where it is expressly prohibited.  Id.; United States v. Wilson, 198 F.3d 467, 472 n.* (4th Cir. 1999).  Because the guidelines do not expressly prohibit double counting in this case, the district court did not err by applying both enhancements.  See id.; United States v. Jackson, 276 F.3d 1231 (11th Cir. 2001).

In accordance with Anders, we have reviewed the entire record in this case and found no meritorious issues for appeal.  We therefore affirm Banos-Olmedo's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>