**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4772**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS E. LYN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-03-664)

_____

Submitted:  September 21, 2005      Decided:  October 17, 2005

_____

Before KING, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lionel S. Lofton, V. Lynn Lofton, LOFTON & LOFTON, P.C.,
Charleston, South Carolina, for Appellant.  Jonathan S. Gasser,
United States Attorney, Carlton R. Bourne, Jr., Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Dennis E. Lyn pled guilty pursuant to a plea agreement to one count of participating in an unlicenced money transmitting business and aiding and abetting such business, in violation of 18 U.S.C. §§ 2, 1960 (2000). On appeal, Lyn claims the district court violated the Sixth Amendment by determining his sentence based upon the amount of money involved and that the money was derived from unlawful activity. Finding no reversible error, we affirm.

Because Lyn preserved his Sixth Amendment claim by objecting to his sentence under Blakely v. Washington, 542 U.S. 296 (2004), our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[1] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, we "must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

---

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

- 2 -

There is no Sixth Amendment violation where, as here, the sentence is based upon facts established by a guilty plea or admitted by the defendant. Lyn admitted to the conduct that gave rise to the adjustments. He stipulated in the plea agreement that the amount of money involved was greater than $1,000,000. He also agreed that the funds were derived from unlawful activity. In the instant case, the district court did not have to engage in any fact finding with respect to the amount of money or that the money was derived from unlawful activity. Therefore, there was no Sixth Amendment violation.

A district court also errs if it treats the guidelines as mandatory in setting a sentence. See Booker, 543 U.S. at ___, 125 S. Ct. at 756. Although the district court considered the guidelines mandatory, the court also announced an identical alternate sentence, treating the guidelines as advisory and considering 18 U.S.C. § 3553, as instructed in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004), opinion issued by, United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), cert. granted, judgment vacated, 125 S. Ct. 1051 (2005). Because the sentence would be same regardless of whether the court were to treat the guidelines as advisory or mandatory, any error was harmless.[2]

_____

[2]In determining the offense level, the district court committed no "double counting" error by adding two levels pursuant to U.S. Sentencing Guidelines Manual § 2S1.3(b)(1)(A) (2003). See United States v. Schaal, 340 F.3d 196, 198 (4th Cir. 2003); United States v. Wilson, 198 F.3d 467, 472 n.* (4th Cir. 1999).

Accordingly, we affirm the conviction and sentence and deny the motion for remand.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3]The Government had not asserted that Lyn's appeal was barred by the appellate waiver contained in the plea agreement, so we do not rely upon the waiver for disposition of this case.