**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4936**

———————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JUAN  CARLOS  ESCAMILLA-VASQUEZ,  a/k/a  Jose
Estrada,

                              Defendant - Appellant.

———————————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-6844)

———————————

Submitted:  July 28, 2006        Decided:  September 22, 2006

———————————

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas  P.  McNamara,  Federal  Public  Defender,  Raleigh,  North
Carolina, for Appellant.  Frank D. Whitney, United States Attorney,
Anne M. Hayes, Christine Witcover Dean, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Juan Carlos Escamilla-Vasquez pled guilty without benefit of a plea agreement to reentering the United States after being deported, 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to a term of sixty months imprisonment. Escamilla-Vasquez appealed his sentence, alleging that the district court erred in calculating his criminal history under U.S. Sentencing Guidelines Manual § 4A1.1 (2002). We affirmed the sentence. United States v. Escamilla-Vasquez, 104 F. App'x 285 (4th Cir. 2004) (No. 03-4936). The Supreme Court later granted certiorari, vacated this court's judgment in light of United States v. Booker, 543 U.S. 220 (2005), and remanded the case for further proceedings. We again affirm the sentence.

On remand, Escamilla-Vasquez argues that the district court plainly erred under Booker in (1) applying the guidelines as mandatory and (2) enhancing his sentence for a prior crime of violence in violation of the Sixth Amendment when the indictment did not charge that his prior breaking and entering conviction was a burglary of a dwelling.[1] The government contends that the

---

[1]The government maintains that Escamilla-Vasquez waived any claim of error under Booker by not raising a constitutional objection at sentencing or in his initial brief. Although the Government correctly states the general rule, see United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned."), we decline to enforce it in light of our order directing the parties to file supplemental

challenged enhancement is based on the fact of a prior conviction and is thus outside the scope of Booker.[2]

Under Booker, a Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 543 U.S. at 245. Here, a "crime of violence," as used in § 2L1.2, is defined in the commentary to include burglary of a dwelling, as well as "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2, comment. (n.1(B)(iii)). Escamilla-Vasquez concedes that an 8-level enhancement could have been correctly given in his

---

briefs addressing Booker. See United States v. Washington, 398 F.3d 306, 312 n.7 (4th Cir.) (stating that "[a]lthough appellate contentions not raised in an opening brief are normally deemed to have been waived ··· the Booker principles apply in this proceeding because the [Supreme] Court specifically mandated that we must apply [Booker] ··· to all cases on direct review.") (internal quotation marks and citations omitted), cert. denied, 125 S. Ct. 2558 (2005); United States v. James, 337 F.3d 387, 389 n.1 (4th Cir. 2003) ("Because the court requested the additional briefing, this case is not governed by our rule that arguments not raised in the appellant's opening brief are typically deemed abandoned on appeal."), cert. denied, 540 U.S. 1134 (2004).

[2]The government also asserts that Escamilla-Vasquez admitted the fact of a prior crime of violence by not objecting to that characterization of his breaking and entering conviction in the presentence report. However, we held in United States v. Milam, 443 F.3d 382, 387 (4th Cir. 2006), that a defendant's failure to object to an enhancement recommended in the presentence report does not constitute an admission for Booker purposes.

- 3 -

case for a prior aggravated felony,[3] but asserts that the district court violated the Sixth Amendment by impliedly finding as a fact that the prior breaking and entering was a crime of violence that warranted a 16-level enhancement as recommended in the presentence report.

Although we have not addressed this issue in a published opinion, other courts of appeals have held that application of the enhancement does not violate the Sixth Amendment because the enhancement is based on the fact of a prior conviction. See United States v. Cornelio-Pena, 435 F.3d 1279, 1288 (10th Cir.), cert. denied, 126 S. Ct. 2366 (2006); United States v. Perez-Ramirez, 415 F.3d 876, 877 n.2 (8th Cir. 2005); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, 126 S. Ct. 457 (2005); United States v. Izaguirre-Flores, 405 F.3d 270, 273 n.9 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); see also United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.) (stating that Almendarez-Torres v. United States, 523 U.S. 224 (1998), was not overruled by Booker and remains the law), cert. denied, 126 S. Ct. 640 (2005). Thus, we conclude that no Sixth Amendment violation occurred in this case.

---

[3] "Aggravated felony," as used here, has the same meaning as the term is given in 8 U.S.C. § 1101(a)(43) (2000). USSG § 2L1.2, comment. (n.3(A)). The term includes a burglary offense punishable by a term of imprisonment of at least one year. 8 U.S.C. § 1101(a)(43)(G).

While the mandatory application of the guidelines constitutes plain error, United States v. White, 405 F.3d 208, 217 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

The district court plainly erred in sentencing Escamilla-Vasquez under the mandatory sentencing guidelines scheme. White, 405 F.3d at 216-17. However, in assessing whether Escamilla-Vasquez's substantial rights were affected, we note that the district court sentenced him three months above the bottom of the guideline range, but made no other comments regarding its selection of the sentence imposed. See id. at 223 (finding that defendant failed to meet burden of demonstrating actual prejudice where "the district court made certain statements suggesting that it was content to sentence [the defendant] within the guideline range"). Because the record contains no nonspeculative basis on which we could conclude that the district court would have sentenced Escamilla-Vasquez to a lower sentence had the court proceeded under an advisory guideline scheme, we are satisfied that Escamilla-Vasquez has failed to demonstrate that the plain error in

sentencing him under a mandatory guidelines scheme affected his substantial rights.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED