**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4389**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

TERRY LOCKLEAR, JR.,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:11-cr-00252-TDS-3)

———————

Submitted:  November 16, 2012     Decided:  November 21, 2012

———————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN,
Winston-Salem, North Carolina, for Appellant. Ripley Rand,
United States Attorney, Lisa B. Boggs, Assistant United States
Attorney, Kyle Pousson, Special Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Locklear, Jr., pled guilty pursuant to a plea agreement to one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2006). The district court sentenced him to 26 months of imprisonment. Locklear now appeals. In accordance with Anders v. California, 386 U.S. 738 (1967), Locklear's counsel filed a brief certifying that there are no meritorious issues for appeal but questioning whether the district court imposed a procedurally unreasonable sentence. Locklear received notice of his right to file a supplemental pro se brief, but has not done so. Finding no error, we affirm.

We review Locklear's sentence for reasonableness, applying a "deferential abuse of discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We begin by reviewing the sentence for significant procedural error, including improper calculation of the Guidelines range. Id. at 51. Locklear contends that the Guidelines range applied to him was improperly calculated because it contained a two-level enhancement for possession of stolen firearms under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(4)(A) (2011). Locklear asserts that inclusion of this enhancement constitutes impermissible double counting because the underlying offense, possession of stolen firearms, took the stolen nature of the firearms into account.

2

Locklear's claim of double counting involves a legal interpretation of the Guidelines that we review de novo. United States v. Schaal, 340 F.3d 196, 198 (4th Cir. 2003). Double counting occurs when a Guidelines provision is applied based on considerations that have already been accounted for by another provision or by statute. United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). "[T]here is a presumption that double counting is proper where not expressly prohibited by the [G]uidelines." United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010).

Locklear has failed to demonstrate that the district court erred in including the stolen-firearms enhancement. Locklear received the § 2K2.1(b)(4)(A) enhancement based on his violation of 18 U.S.C. § 922(j). The Guidelines explicitly state that this enhancement is properly applied to offenses under § 922(j) unless the base offense level was determined under § 2K2.1(a)(7). USSG § 2K2.1 cmt. n.8 (2011). Locklear's base offense level was determined under § 2K2.1(a)(6) because he was considered a "prohibited person" due to his drug addiction. Unlike base offense levels calculated under § 2K2.1(a)(7), those determined under § 2K2.1(a)(6) do not take into account the fact that the firearm was stolen, and the application of the § 2K2.1(b)(4)(A) enhancement is specifically sanctioned. Therefore, we conclude that this claim is without merit.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Therefore, we affirm Locklear's conviction and sentence. This court requires counsel to inform Locklear, in writing, of his right to petition the Supreme Court of the United States for further review. If Locklear requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Locklear. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>