**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4409**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

STEVE G. SINGO,

       Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:15-cr-00027-FPS-JES-1)

Submitted: January 26, 2017      Decided: February 24, 2017

Before TRAXLER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Donald J. Tennant, Jr., TENNANT LAW OFFICES, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Stephen L. Vogrin, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steve G. Singo was convicted after a jury trial of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and was sentenced to 97 months' imprisonment. Singo appeals his sentence, arguing that the district court erred in applying the two-level enhancement for distribution under U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(F) (2015). We affirm.

Singo maintains that the calculation of his base offense level under USSG § 2G2.2(a)(2) accounted for his distribution of child pornography and that the two-level enhancement he received under USSG § 2G2.2(b)(3)(F) for distribution thus amounted to impermissible double counting. "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014) (internal quotation marks omitted). "It is well established that the Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended." United States v. Schaal, 340 F.3d 196, 198 (4th Cir. 2003) (internal quotation marks and alteration omitted). "Accordingly, an adjustment that clearly applies to

2

the conduct of an offense must be imposed unless" expressly excluded. Id. (internal quotation marks and alteration omitted). Singo's claim of impermissible double counting involves a legal interpretation of the Guidelines that we review de novo. See id.

Under USSG § 2G2.2(b)(3)(F), a defendant's offense level is to be increased by two levels for distribution of child pornography that is not to minors and is not for money or other things of value. The term "distribution" is broadly defined to include "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." USSG § 2G2.2 cmt. n.1 (emphasis added). This court has held that "use of a peer-to-peer file-sharing program constitutes 'distribution' for the purposes of [USSG] § 2G2.2(b)(3)(F)." United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). Thus, "[w]hen knowingly using a file-sharing program that allows others to access child pornography files, a defendant commits an act 'related to the transfer of material involving the sexual exploitation of a minor.'" Id. (quoting USSG § 2G2.2 cmt. n.1).

Here, undisputed information in the presentence report adopted by the district court makes clear that Singo's offense conduct included his use of a file-sharing network both to

3

download and share images and videos of child pornography. Singo thus committed an act "related to the transfer of material involving the sexual exploitation of a minor." USSG § 2G2.2 cmt. n.1. There is no indication from the record that Singo's distribution in this regard was to minors or for money or other things of value; accordingly, the two-level enhancement under USSG § 2G2.2(b)(3)(F) was to be applied for his distribution behavior unless the enhancement was prohibited by another Guidelines provision or statute.

Singo concedes that there is "no explicit language" in USSG § 2G2.2 that would prohibit double counting for "any given behavior," including the particular behavior of using a file-sharing network to download and share images and videos of child pornography.[1] He further has not identified any other Guideline or statutory provision that would expressly forbid the applicability of the two-level distribution enhancement in his case.[2] We further observe that other Courts of Appeals that have

---

[1] We observe that Singo references on appeal the two-level reduction in USSG § 2G2.2(b)(1) in support of his argument of double counting. Singo, however, does not explain how the reduction — which he does not contend applies in his case — supports his conclusion that impermissible double counting occurred. We therefore reject this argument as a basis to vacate Singo's sentence.

[2] Singo also references 18 U.S.C. § 2252A(a)(2)(A) and the lack of a special interrogatory submitted to the jury. Singo, however, neither establishes the relevance of a lack of such
(Continued)

addressed the issue have rejected double counting objections to the application of USSG § 2G2.2(b)(3)(F) in prosecutions for child pornography distribution.  See United States v. Walters, 775 F.3d 778, 784-85 (6th Cir.), cert. denied, 135 S. Ct. 2913 (2015); United States v. Cubero, 754 F.3d 888, 893-95 (11th Cir. 2014); United States v. Reingold, 731 F.3d 204, 227-28 (2d Cir. 2013); United States v. Chiaradio, 684 F.3d 265, 282-83 (1st Cir. 2012); United States v. Frakes, 402 F. App'x 332, 335-36 (10th Cir. 2010).  We therefore conclude that the district court did not err in applying the two-level enhancement under USSG § 2G2.2(b)(3)(F) in this case.[3]

---

interrogatory to his case nor contends that 18 U.S.C. § 2252A expressly prohibits application of the two-level enhancement under USSG § 2G2.2(b)(3)(F).  We therefore reject these references as bases for vacating Singo's sentence.

[3] Singo also devotes a portion of his brief to recounting: conclusions and recommendations made by the Sentencing Commission regarding the emphases placed by the sentencing scheme set forth in USSG § 2G2.2, a summarily-made argument that "the Guidelines" fail to "meaningfully distinguish" between "non-contact offenders" like himself and others "who physically exploit and do harm to children," decisions by various other Circuit and district courts rejecting § 2G2.2 and sentences based thereon on policy grounds or as otherwise unreasonable, a request that this court adopt these courts' "skeptical view" of USSG § 2G2.2, and a conclusion that these matters "demonstrate the frustration that the advisory guideline provides for sentencing in the child pornography area."  Because Singo does not explain how these matters support his claim of impermissible double counting in the application of the enhancement under USSG § 2G2.2(b)(3)(F), we also reject them as bases for vacating his sentence.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED