**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4221**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO DESHAWN BARR,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:18-cr-00327-TDS-1)

Submitted:  November 27, 2019                    Decided:  December 11, 2019

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Greensboro, North Carolina, Kimberly F. Davis, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Deshawn Barr pled guilty, pursuant to a written plea agreement, to possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g) (2012). At sentencing, Barr received a four-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6)(B) (2018) for using a firearm in connection with another felony offense (here, felony assault on a law enforcement officer), and a six-level enhancement under USSG § 3A1.2(c)(1) for assaulting a law enforcement officer during the course of the offense or immediate flight therefrom. The district court imposed a 108-month sentence. Barr appeals, challenging the sentencing enhancements.

Barr first contends that the district court erred in applying the six-level enhancement under USSG § 3A1.2(c)(1). We "accord due deference to a district court's application of the [S]entencing [G]uidelines." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). We review the district court's factual determinations for clear error. *Id.* However, "if the issue turns primarily on the legal interpretation of a [G]uideline term, the standard moves closer to de novo review." *Id.* (alterations and internal quotation marks omitted).

Section 3A1.2(c)(1) authorizes a sentencing court to apply a six-level enhancement if the defendant, "in a manner creating a substantial risk of serious bodily injury, . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." USSG § 3A1.2(c)(1). The enhancement applies only "in circumstances tantamount to [an] aggravated assault"—that is, "assaultive conduct . . . sufficiently serious to create at least a 'substantial risk of serious bodily injury.'" USSG § 3A1.2(c)(1) cmt. n.4(A). Because

2

the Guidelines do not define assault, we apply the common law definition. *United States v. Hampton*, 628 F.3d 654, 660 (4th Cir. 2010). The common law defines assault as "attempted battery or the deliberate infliction upon another of a reasonable fear of physical injury." *Id.* (internal quotation marks omitted). We have reviewed the record, including the transcript of the sentencing hearing, and find that the district court did not clearly err in applying the enhancement. In doing so, the court specifically credited the testimony of the officer who responded to the call. We will not disturb this finding. *See United States v. Slager*, 912 F.3d 224, 232-33 (4th Cir.), *cert. denied*, 139 S. Ct. 679 (2019).

Next, Barr argues that the district court erred by applying the enhancements under both USSG § 3A1.2(c)(1) and USSG § 2K2.1(b)(6)(B) because doing so amounted to improper double counting. There is a presumption that double counting is proper where not expressly prohibited by the Guidelines. *See United States v. Schaal*, 340 F.3d 196, 198 (4th Cir. 2003). We have expressly upheld, against a double-counting challenge, the application of both enhancements applied here. *See Hampton*, 628 F.3d at 664. Therefore, this claim fails as well.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*