FILED
United States Court of Appeals
Tenth Circuit

February 23, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID RAMOS-ARENAS,

      Defendant - Appellant.

No. 09-2165

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 08-CR-01370)**

---

Michael Nammar, Special Assistant United States Attorney (and Gregory J. Fouratt, United States Attorney, on the brief), Las Cruces, New Mexico, for Plaintiff - Appellee.

Dennis Candelaria, Assistant Federal Public Defender, Las Cruces, New Mexico, for Defendant - Appellant.

---

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

**KELLY**, Circuit Judge.

     Defendant-Appellant David Ramos-Arenas was convicted by a jury of falsely impersonating an officer or employee of the United States, in violation of 18 U.S.C. § 912. He received a sentence of the lesser of six months'

imprisonment or time served with no term of supervised release. 1 R. 68-69. On appeal, Mr. Ramos challenges the sufficiency of the evidence supporting his conviction. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Background

Mr. Ramos's conviction was based on his conduct during a February 24, 2008 traffic stop in southern New Mexico. 1 R. 9; 3 R. 162-64. Mr. Ramos was asleep in the front passenger seat of a vehicle that his girlfriend at the time, Rebecca Padilla, was driving from Las Cruces to Alamogordo. 3 R. 161. A New Mexico State Police officer pulled over Ms. Padilla for speeding—the car was traveling about 97 miles per hour in a 75 miles per hour zone. Id. at 186. The officer met with Ms. Padilla at her vehicle. Id. at 181. Finding her cooperative, he returned to his police car and prepared a citation that decreased her speed to 95 miles per hour, which also decreased the fine from $150 to $115. Id. at 182-83, 187. By the time that the officer returned to Ms. Padilla's vehicle, Mr. Ramos had awakened. Id. at 162. When Mr. Ramos told the officer that he had been sleeping, the officer replied, "Don't throw her under the bus like that, you were in the car." Id. at 184. "No, I know better than that," Mr. Ramos answered, "I'm a Border Patrol agent." Id. Mr. Ramos could not produce any Border Patrol credentials, but he claimed they were at home. Id. The officer testified that he reduced the ticket to a warning as a "professional courtesy because Mr. Ramos

-2-

was a Border Patrol agent." Id. At the time, according to Ms. Padilla, the officer told Mr. Ramos that he was giving a warning because Mr. Ramos had agreed to stay awake and watch Ms. Padilla's speed. Id. at 171.

It turns out that Mr. Ramos lied to the officer: he was not a Border Patrol agent (and still isn't). Mr. Ramos had entered the United States Border Patrol Academy in 2007, but failed to graduate. Id. at 113. A few weeks after the traffic stop, Mr. Ramos boasted about tricking a state police officer into thinking he was a Border Patrol agent. Id. at 287.

## Discussion

On appeal, Mr. Ramos-Arenas challenges the sufficiency of the evidence underlying his conviction. To obtain Mr. Ramos's conviction, the government had to prove beyond a reasonable doubt that Mr. Ramos: (1) "falsely assume[d] or pretend[ed] to be an officer or employee acting under the authority of the United States or any department, agency, or officer thereof"; and (2) "in such pretended character demand[ed] or obtain[ed] any . . . thing of value." 18 U.S.C. § 912.

Our review in a sufficiency of the evidence challenge is de novo. United States v. Phillips, 583 F.3d 1261, 1264 (10th Cir. 2009). We review the evidence and its reasonable inferences in the light most favorable to the government, to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt. Id. Our review for sufficiency of the evidence will not "weigh

-3-

conflicting evidence or consider witness credibility." United States v. Castorena-Jaime, 285 F.3d 916, 933 (10th Cir. 2002). "We may reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Brown, 400 F.3d 1242, 1247 (10th Cir. 2005) (internal quotations and citations omitted).

Mr. Ramos concedes that the evidence sufficiently proved that he falsely claimed to be a Border Patrol agent. Aplt. Br. at 17. Instead, Mr. Ramos's challenge goes to the second element of § 912: that he obtained any thing of value "in such pretended character."

First, Mr. Ramos seems to argue that "intent to defraud" is an implicit element of 18 U.S.C. § 912, and the government did not sufficiently prove that Mr. Ramos intended to obtain something of value from the state police officer through his misrepresentation. Aplt. Br. at 9-22. The record reveals no argument or objection along these lines to the trial court. Not only did Mr. Ramos not object to the jury instruction below, which did not include an "intent to defraud" element, but the court adopted nearly verbatim Mr. Ramos's proposed jury instruction.[1] See 1 R. 15-17, 36. Mr. Ramos twice moved for acquittal under

---

[1]Mr. Ramos's proposed jury instruction was essentially the Tenth Circuit Criminal Pattern Jury Instruction, No. 2.40 (2005 ed). The elements of Mr. Ramos's proposed instruction were:

*First:* the defendant falsely assumed to be an officer and employee

(continued...)

-4-

Rule 29 of the Federal Rules of Criminal Procedure, at the close of the government's case and at the close of all the evidence. But in neither motion did Mr. Ramos challenge the lack of intent evidence. See Aplt. Br., Attach. B; 3 R. 217-19, 322-25. Because Mr. Ramos makes this argument for the first time on appeal, we review it for plain error. United States v. Kimler, 335 F.3d 1132, 1141 (10th Cir. 2003) ("Where a Rule 29 motion to dismiss has been made on specific grounds, all grounds not specified in the motion are waived.").

To prevail under a plain error review, Mr. Ramos must show "(1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights." United States v. Goode, 483 F.3d 676, 681 (10th Cir. 2007). If the district court erred in denying the Rule 29 motions because the government presented insufficient evidence of intent to defraud, that error is neither clear nor obvious. Whether a conviction under § 912 requires evidence of

---

[1](...continued)
acting under the authority of the United States;

*Second:* the defendant knew that such assumption or presumption was false; and

*Third:* while acting in such assumed or pretended character, the defendant demanded and obtained something of value.

1 R. 17. The court's ultimate instruction was identical except for the third element, which omitted "demanded and" so that the element read: "Third: while acting in such assumed or pretended character, the defendant obtained something of value." 1 R. 36.

intent to defraud is an open question in this circuit, as Mr. Ramos acknowledges. Aplt. Br. at 12; see 10th Cir. Criminal Pattern Jury Instructions No. 2.40, Comment (2005 ed.) ("The Tenth Circuit has not decided whether 'intent to defraud' must be pleaded and proved. Since Congress revised the statute, eight of the nine circuits . . . have held that the government does not need to plead or prove an 'intent to defraud['] under § 912."). Given that the statute, the pattern jury instructions, and eight of nine federal appellate courts do not appear to require "intent to defraud," not treating it as an element was not plain error.

Even if "intent to defraud" is an implied element of § 912, a reasonable jury could infer that Mr. Ramos intended for his unsolicited lie to a state police officer to result in reducing Ms. Padilla's ticket to a warning. Mr. Ramos's bragging about tricking a state police officer supports this conclusion. Mr. Ramos argues that the district court failed to consider three critical facts: Mr. Ramos did not inject himself into the traffic stop, did not ask the officer to reduce the speeding ticket to a warning, and obtained nothing of value from the encounter, indeed, the officer's forbearance was attributable to Mr. Ramos's willingness to stay awake and monitor Ms. Padilla's speed. These arguments merely invite the court to re-weigh the facts and their inferences in his favor. Aplt. Br. at 17-18, 22. Admittedly, some facts may have swayed a rational factfinder in another direction. But this is not our role when reviewing the sufficiency of the evidence: we will reverse only if the jury's decision was

-6-

outside the range of a rational factfinder's reasonable choices. See Brown, 400 F.3d at 1247. The government presented sufficient evidence for a reasonable jury to conclude that Mr. Ramos intended to influence the officer's actions regarding the citation. Convictions for impersonating an officer in an effort to gain forbearance from law enforcement come within the statute. See, e.g., United States v. Bryant, 117 F.3d 1464, 1467 (D.C. Cir. 1997); United States v. Rippee, 961 F.2d 677, 678-79 (7th Cir. 1992).

Second, Mr. Ramos argues he must obtain something of value for himself to be guilty of false impersonation under § 912, and therefore merely obtaining something of value for another person cannot support a conviction. Aplt. Br. at 22. Mr. Ramos presented this argument to the district court, 3 R. 218, 324-25, so we review de novo. Mr. Ramos does not dispute that Ms. Padilla obtained something of value: forbearance on the speeding ticket. Aplt. Br. at 22. A person is guilty of false impersonation if he "in such pretended character demands or obtains any . . . thing of value." 18 U.S.C. § 912. As a matter of grammar, the sentence is not narrowed by an indirect object, indicating that one may obtain something of value for any person. Without any such narrowing, Mr. Ramos's argument will succeed only if the definition of "obtains" is limited. Consulting dictionaries, as we may "to determine the plain meaning of a term," Conrad v. Phone Directories Co., 585 F.3d 1376, 1381 (10th Cir. 2009), we find that "obtain" means: "to gain or attain [usually] by planned action or effort."

-7-

Webster's New Collegiate Dictionary 816 (9th ed. 1991); see also Black's Law Dictionary 1078 (6th ed. 1990) ("To get hold of by effort; to get possession of; to procure; to acquire, in any way."). According to these definitions, "obtains" includes attaining or acquiring a thing of value in any way, without limiting who ultimately receives it. Without any statutory language or controlling case law to the contrary, the statute is broad enough to encompass the impersonator obtaining a thing of value for another person. Further, limiting § 912 to persons who obtain something of value for themselves would invite mischief. As the district court noted, that limitation would mean that a person could impersonate a federal officer and acquire benefits for dozens of friends, and not commit any crime so long as he kept no benefits for himself. We are loathe to open the door to that result. Even if the statute were limited to the false impersonator obtaining a thing of value for himself, the jury could have found that Mr. Ramos did obtain something of value from doing a favor for his girlfriend, if only in elevating his status in her eyes. Under either reading of the statute, a reasonable jury could have concluded that Mr. Ramos obtained a thing of value.

AFFIRMED.