**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

CASEY FRAKES,

      Defendant–Appellant.

No. 09-3361
(D.C. No. 2:09-CR-20059-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **HOLMES**, Circuit Judges.

Casey Frakes appeals his conviction and sentence for possession and distribution

of child pornography. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In March 2008, an Independence, Missouri, detective investigating child

exploitation crimes learned that a computer with a certain Internet Protocol ("IP") address

was sharing suspected child pornography images using Limewire, a peer-to-peer file-

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

sharing program.[1]  Determining that the IP address belonged to Pam S. Frakes of Atchison, Kansas, he referred the case to Kansas law enforcement.  After investigating the case, Terry Kelley, an Atchison police department detective, and Jim Kanatzar, an Immigration and Customs Enforcement special agent, executed a federal search warrant of Pam Frakes' home on June 10, 2008.  They interviewed Pam Frakes and her son Jason Frakes.  They later interviewed Casey Frakes, the defendant, at his job site.

According to Kelly and Kanatzar, Frakes initially denied knowledge of any child pornography on the computer.  Upon further questioning, he admitted having watched a twenty second video clip of a girl that was "probably younger than 14" disrobing.  Kelly and Kanatzar testified that Frakes admitted that he used Limewire, that there were over a hundred pornographic movies on his computer, and that "probably 10 to 15 percent" were child pornography.  At the end of the interview, Frakes told Kelley that if there was any child pornography on the computer, it was his, and to leave his brother and mother out of it.  Agent Kanatzar's further investigation of the Frakes' computer uncovered a total of seven video files containing child pornography, all in a Limewire "shared" folder.  Each member of the Frakes family had a "profile" on the computer, but Limewire was only installed in Casey's profile.  Pam Frakes and Jason Frakes testified that Casey's profile was not password-protected and that other family members used it.

---

[1] Limewire allows peer-to-peer sharing of any type of computer file, including copyrighted music and video content.  It does not exclusively contain pornography.

Frakes was charged in May 2009 with knowingly distributing and possessing child pornography. At trial, he admitted that he installed and used Limewire to search for pornography. He admitted that he knew that Limewire was a "share program" and that any files he downloaded to his Limewire "shared" folder would be available to be shared with other Limewire users. He did not deny that his computer contained child pornography, but he testified that he did not specifically search for child pornography. Instead, he claimed that he used general sexual search terms and downloaded all of the resulting files, and that any child pornography on the computer had accidentally been downloaded in the process. He also testified that he never viewed the child pornography videos Agent Kanatzar found on his computer.

Following a three-day trial, a jury found Frakes guilty of both the distribution and possession charges. Although the district judge calculated an advisory Guidelines range of 188 to 235 months' imprisonment, he sentenced Frakes to eighty-four months.

## II

On appeal, Frakes argues: (1) there was insufficient evidence to sustain his conviction; (2) the district court incorrectly calculated his advisory Guidelines range; and (3) his counsel at sentencing was ineffective.

## A

In assessing the sufficiency of the evidence supporting Frakes' conviction, we review the record de novo. United States v. Ramos-Arenas, 596 F.3d 783, 786 (10th Cir. 2010). We consider "the evidence and its reasonable inferences in the light most

favorable to the government, to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt." Id. We do not weigh conflicting evidence or consider witness credibility. Id.

Frakes contends that there was insufficient evidence that he knowingly possessed one or more visual depictions of a minor engaged in sexually explicit conduct or that he knew the visual depictions involved the use of a minor engaging in sexually explicit conduct, elements under 18 U.S.C. § 2252(a)(4)(B). At trial, Kanatzar and Kelley testified to Frakes' statement that ten to fifteen percent of his pornography was child pornography, and that if there was any pornography on the computer it was his. Frakes, however, contradicted Kanatzar and Kelley's recollection of the interview, and presented evidence showing that the computer and Limewire shared folder were unsecured and accessible by the entire Frakes family. He also showed that the child pornography files were never moved or organized, and that only seven of the more than 500 video files he downloaded from Limewire were child pornography. Nevertheless, the government affirmatively produced sufficient evidence of Frakes' knowledge, and the jury chose to believe that evidence. Although Frakes disagrees with the jury's evaluation, we may not second-guess the jury's credibility determination. See United States v. Gallant, 537 F.3d 1202, 1222 (10th Cir. 2008).

For the jury to find Frakes guilty of knowing distribution of child pornography under 18 U.S.C. § 2252(a)(2), the government had to prove, among other elements, that Frakes knowingly distributed child pornography and that he knew that it depicted minors

engaging in sexually explicit conduct. Frakes contends that the government did not produce sufficient evidence of his knowledge regarding either element.

At trial, the government introduced testimony indicating: (1) Frakes stated he knew there was child pornography on his computer; (2) he stated that if there was any child pornography on his computer it was his; (3) he installed Limewire on this computer; (4) he knew the files in his Limewire "shared" folder would be shared with others; (5) his Limewire "shared" folder contained child pornography; and (6) a detective was able to access images of child pornography from Frakes' computer via Limewire. Again, although Frakes introduced contradictory evidence tending to mitigate his knowledge (for example, that the Limewire "shared" folder is the default destination for files downloaded from Limewire), the jury determined that the government's witnesses were more credible. Viewed in the light most favorable to the government, that evidence was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Frakes knowingly distributed child pornography.

**B**

Frakes also claims that the district court erroneously calculated his advisory Guidelines sentencing range. Because he did not raise this objection below, we review this claim only for plain error. United States v. Mancera-Perez, 505 F.3d 1054, 1058 (10th Cir. 2007). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Romero, 491 F.3d 1173,

1178 (10th Cir. 2007). Under the plain error standard, we do not review any of the district court's factual findings relating to sentencing. United States v. Heredia-Cruz, 328 F.3d 1283, 1288 (10th Cir. 2003). But we will review legal determinations made in the Guidelines calculation. Id. Frakes alleges the district court committed five Guidelines calculation errors: (1) applying a two-level increase for distribution under § 2G2.2(b)(3)(F); (2) applying a four-level increase for the number of images under § 2G2.2(b)(7)(C); (3) applying a four-level increase for sadistic or masochistic images under § 2G2.2(b)(4); (4) applying a two-level increase for material involving a prepubescent minor or a minor under the age of twelve under § 2G2.2(b)(2); and (5) not applying a two-level decrease for lack of intent to distribute under § 2G2.2(b)(1).

Frakes was convicted of distributing child pornography under 18 U.S.C. § 2252(a)(2), so his base offense level is twenty two. See U.S.S.G. § 2G2.2(a)(2). He also received a two-point increase for distribution under § 2G2.2(b)(3)(F). Section 2G2.2(b)(3)(F) applies as a residual, default enhancement in the absence of any other enhancements.[2] Frakes contends that using his distribution to calculate both the base offense level and the two-point enhancement constitutes impermissible "double-counting." We have held that double-counting occurs when the same conduct by the defendant "is used to support separate increases under separate sentence enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes."

---

[2] "Distribution other than distribution described in subdivisions (A) through (E), increase by 2 levels."

United States v. Terrell, 608 F.3d 679, 683 (10th Cir. 2010). But we have never held that using the same conduct to calculate a base offense level and to apply an enhancement is prohibited "double-counting." And "the Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended." United States v. Groves, 369 F.3d 1178, 1186 (10th Cir. 2004). Rather than forbidding double-counting, § 2G2.2 expressly allows a two-level enhancement for distribution. Though inartfully drafted, the Guidelines establish an effective base offense level of twenty four—at a minimum the two-point enhancement under § 2G2.2(b)(3)(F) will always apply. In any event, our review of the district court's Guidelines calculation is for plain error. Given the absence of any circuit precedent holding that a § 2G2.2(b)(3)(F) enhancement constituted double-counting, the district court's conclusion was not plain error.

Frakes' next three allegations of calculation error (regarding enhancements for number of images, sadistic or masochistic images, and prepubescent images) are all based on the same argument. He contends that neither the jury nor the district court made sufficient factual findings to support these enhancements. Frakes references three statements made by the district court at sentencing: (1)"the enhancement for sadomasochistic images, I believe, drastically overstates the seriousness of the conduct here"; (2) "there is really no evidence that Mr. Frakes even opened [all of the child pornography files]"; and (3) "evidence at trial was rather sketchy about what Mr. Frakes had actually seen and viewed." Frakes argues these statements constitute factual findings

precluding the three enhancements.

Frakes is mistaken for three reasons. First, "[e]lements of a crime must be . . . proved to a jury beyond a reasonable doubt," but sentencing factors "can be proved to a judge at sentencing by a preponderance of the evidence." United States v. O'Brien, 130 S. Ct. 2169, 2174 (2010). It was permissible for the judge, in calculating Frakes' Guidelines range, to find facts the jury had not found. Second, the record is clear that the district judge adopted the factual findings contained in the presentence investigation report ("PSR"); under the plain error standard, we cannot review those factual findings. Third, given the factual findings in the PSR, the district court correctly calculated the three sentencing enhancements under U.S.S.G. § 2G2.2(b). To the extent that Frakes points to the court's "contradictory" statements as conflicting factual findings, his argument fails because those statements were made during the court's consideration of the 18 U.S.C. § 3553 factors, not during its calculation of the Sentencing Guidelines range. The court properly calculated the Guidelines, then properly explained why it would deviate from the Guidelines recommended range. There was no error.

Frakes' final allegation of Guidelines calculation error fails for the same reason. The district judge stated at sentencing that he believed Frakes was not "seeking child pornography nor willfully . . . passing these images onto others." But once again, this statement was made in the context of the § 3553 analysis, not in the context of calculating Frakes' Guidelines range. In adopting the PSR's factual findings, the trial court found that the reduction in § 2G2.2(b)(1) was not applicable to the Guidelines calculation. We

cannot review that factual finding.

**C**

Frakes' final argument on appeal is that his counsel's failure to object to the Guidelines calculation at sentencing constitutes ineffective assistance. But the general rule in this circuit is that ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal, so that the factual record is sufficiently developed to enable our effective review. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). "Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings." Id. at 1242. But this is not such a case. Frakes must raise his ineffective assistance claims on collateral review.

**III**

For the foregoing reasons, Frakes' conviction and sentence are **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge