**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL WAYNE SCHULZE,

        Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

        Respondent-Appellee.

No. 12-7020

(E.D. of Okla.)

(D.C. No. 6:09-CV-00087-RAW-KEW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

      Michael Wayne Schulze, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Schulze's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We conclude the district court correctly disposed of Schulze's petition, and therefore DENY the application for a COA and DISMISS the appeal.

# I. Background

Schulze lived in California with his girlfriend, Martha Boss. They came to Oklahoma to stay with her brother, Michael Boss, who was living in a trailer home rented by Elouise Garcia, Michael Boss's girlfriend. Several days later, Schulze and Ms. Boss had a loud argument that culminated with Schulze striking her with his fist. He then attacked her with a screwdriver, and also threatened to burn the trailer down with both of them inside. The landlord of the trailer attempted to intervene, and was punched in the face by Schulze.

While the men were arguing outside, Schulze was observed glancing repeatedly at the trailer, and a short time later the trailer was on fire. A witness heard Schulze say "I told you I would burn the m***-f***er trailer down." R., Vol. II at 325–26. The landlord testified Schulze also said afterward "I set those people's house on fire." R., Vol. II at 396. The following day Schulze told the arson inspector, after receiving a Miranda warning, that "if it was done I probably did it." R., Vol. II at 422.

Schulze was convicted of First Degree Arson, Assault and Battery—Domestic Abuse, Assault and Battery, and Public Intoxication. He received a 45-year sentence and various fines.

Schulze directly appealed his conviction to the Oklahoma Court of Criminal Appeals and later challenged the convictions again on collateral review. The OCCA affirmed his convictions but vacated two assault fines because of improper jury instructions.

## II. Discussion

Schulze raises five points of error, all of which were adjudicated on their merits by the OCCA on direct appeal: (1) the evidence was not sufficient for a reasonable jury to conclude that he was guilty beyond a reasonable doubt on the arson charge; (2) the jury instructions on the arson conviction did not match the statutory language; (3) the fine imposed for the arson conviction was the result of erroneous jury instructions; (4) the sentences for the misdemeanor convictions were the result of erroneous jury instructions; and (5) the prosecutor made prejudicial remarks at trial.

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1). A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the OCCA addressed the merits of Schulze's claims, AEDPA's "deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938

-3-

(10th Cir. 2004). Under AEDPA, we may grant a habeas petition on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2).

Schulze has not demonstrated that reasonable jurists could find the decisions of the state courts were contrary to or unreasonable applications of clearly established federal law.

*A. Sufficiency of the Evidence*

On habeas review, the question of whether evidence was sufficient to support a conviction "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Thus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009). In determining whether evidence was sufficient, we "may not weigh conflicting evidence nor consider the credibility of witnesses"; rather, we must "accept the jury's resolution of the evidence as long as it is within the

bounds of reason." *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993)).

In his petition Schulze asks us to "weigh conflicting evidence," *Messer*, 74 F.3d at 1013, and resolve conflicts in witness testimony in his favor. This we cannot do, and, as the OCCA found, there was more than enough evidence for a reasonable jury to convict Schulze of arson. The OCCA's decision is not contrary to or an unreasonable application of *Jackson*.

### B. *The Arson Jury Instruction*

The Oklahoma statute governing first degree arson states that the statutory sentencing range for first degree arson with two prior felony convictions is "twenty (20) years to life imprisonment." Okla. Stat. tit. 21, § 51.1(B). The jury instructions instead said that the range was "not less than 20 years to any number of years." R., Vol. I at 88. The OCCA found that this instruction was erroneous, but "under the narrow circumstances of this case, this error does not require relief." R., Vol. I at 29.

"We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). The interpretation and application of Oklahoma statute is a question of Oklahoma state law, not federal habeas law, and "[g]enerally, our review of a sentence ends

-5-

once we determine the sentence is within the limitation set by statute." *Id.* We defer to the OCCA's interpretation of Oklahoma law.

Schulze's 45-year sentence was within the range dictated by statute, twenty years to life. The OCCA's determination of state law on this point is not "contrary to, or . . . an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

*C. The Arson Fine*

Schulze next argues, based on the statutory language, that a fine based on the arson conviction is inappropriate because it is not mentioned as a sentencing option in Okla. Stat. tit. 21, § 51.1(B). The OCCA rejected this argument because, although fines are not mentioned in the sentencing enhancement statute, § 51.1, they are authorized by the criminal statute governing arson in the first degree. Defendants convicted of first degree arson "shall be punished by a fine not to exceed Twenty-five Thousand Dollars ($25,000.00) or be confined to the State Penitentiary for not more than thirty-five (35) years or both." Okla. Stat. tit. 21, § 1401.

As the district court correctly concluded, the proper interpretation of these two Oklahoma statutes is the responsibility of the Oklahoma state courts, *Dennis v. Poppel*, 222 F.3d 1245 (10th Cir. 2000), and is not cognizable on habeas review.

*D. The Misdemeanor Sentences*

Schulze argues that the sentences for the misdemeanor assaults were improperly imposed because the jury was instructed to sentence him to a prison term and a fine rather than a prison term, or a fine, or both.

The jury instructions stated that "the range of punishment is as follows:"

Count 2---Assault and Battery---Domestic Abuse
0--1 years in the County Jail and a fine not to exceed $1000
Count 3---Assault and Battery
0-90 days in the County Jail and a fine not to exceed $1000

R., Vol. II at 151. The statute provides, however, that "[a]ssault and battery shall be punishable by imprisonment in a county jail not exceeding ninety (90) days, or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment," Okla. Stat. tit. 21, § 644(B), and "[u]pon conviction [for domestic abuse], the defendant shall be punished by imprisonment in the county jail for not more than one (1) year, or by a fine not exceeding Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment," Okla. Stat. tit. 21, § 644(C).

On direct appeal, the OCCA concluded:

"[T]he trial court failed to instruct the jury on the correct range of punishment for Counts III and IV. The language used in instruction on those counts incorrectly implied that jurors must impose a fine. Although Schulze did not object to the instructions, this error in instruction constitutes a substantial violation of a constitutional or statutory right, and requires relief."

R., Vol. I at 30. The OCCA vacated the fines.

Schulze argues this remedy is inadequate because the instructions not only imply that the jury must impose a fine but also imply the jury must impose a jail sentence.

As with his other sentencing claims, the correct interpretation of Oklahoma law is a matter for the OCCA, and does not warrant habeas relief. To the extent Schultze contends his due process rights were violated as a result of the erroneous jury instructions, he cannot demonstrate the OCCA's decision was contrary to or a misapplication of Supreme Court law.

*E. Prosecutorial Misconduct*

Finally, Schulze claims that the prosecutor's remarks during closing argument at the sentencing stage amounted to prosecutorial misconduct. The OCCA on direct appeal found that there had been no misconduct.

Claims of prosecutorial misconduct are reviewed for a violation of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). "[N]ot every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974) (citations and quotations omitted). The petitioner must prove that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 643. "This determination may be made only after considering all of the surrounding circumstances,

including the strength of the state's case." *Malicoat v. Mullin*, 426 F.3d 1241, 1255 (10th Cir. 2005).

"A prosecutor may not use closing argument to inflame the passions and prejudices of the jury." *Id*. at 1256. The OCCA concluded the prosecution's comments, suggesting the jurors should punish Schulze for his crimes and ensure that he did not have the opportunity to commit any more crimes in the future, did not exceed this standard. In reaching this conclusion, the OCCA did not unreasonably apply federal law.[1]

# III. Conclusion

Accordingly, for the reasons set forth above, we DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[1] Schultze also claims that his appellate counsel was ineffective for failing to request an evidentiary hearing on a new defense. This claim is procedurally barred because after it was denied by the Oklahoma courts on his first petition for post-conviction relief, he failed to timely appeal. We do "not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Johnson v. Champion*, 288 F.3d 1215, 1226 (10th Cir. 2002) (quotations and citations omitted). This Oklahoma statute is an "independent and adequate" state ground. *Id*. at 1227 n.3. Given the strong evidence supporting Schultze's conviction, we see no "fundamental miscarriage of justice." *Id*. at 1226.