**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DERRICK DEWAYNE LOUIE-
JACKSON,

    Defendant - Appellant.

No. 23-7072
(D.C. No. 6:22-CR-00076-JFH-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

This appeal involves the sufficiency of evidence to convict a

defendant of unlawfully possessing ammunition. The presence of

ammunition was undisputed; the issue was who had possessed the

ammunition. This issue existed because some of the ammunition was in a

bedroom occupied by a woman and a male. The government attributed the

---

[*]    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

ammunition to the male (Mr. Louie-Jackson), and he was charged with unlawful possession.

If the ammunition was his, the possession would be unlawful because he had a prior felony conviction, which prohibited him from possessing ammunition. 18 U.S.C. § 922(g)(1). So the jury had to consider whether the ammunition was Mr. Louie-Jackson's or the female's.

The jury found Mr. Louie-Jackson guilty of unlawfully possessing the ammunition, and he challenges the sufficiency of the evidence. To resolve this challenge, we view the evidence favorably to the government and determine whether any rational jury could have found guilt beyond a reasonable doubt. *See United States v. Evans*, 970 F.2d 663, 671 (10th Cir. 1992).

When making that determination, we ordinarily conduct de novo review. *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004). But Mr. Louie-Jackson acknowledges that we should apply the plain-error standard in light of his failure to argue in district court that the evidence of guilt had been insufficient. *See United States v. Cooper*, 654 F.3d 1104, 1117 (10th Cir. 2011). Under this standard, a conviction based on insufficient evidence constitutes plain error if the error seriously affects

the fairness, integrity, or public reputation of the judicial proceeding. *United States v. Kaufman*, 546 F.3d 1242, 1263 (10th Cir. 2008).[1]

Possession can be actual or constructive. *United States v. Benford*, 875 F.3d 1007, 1015 (10th Cir. 2017). Here the government urged constructive possession, which required the power and intent to exercise dominion or control over the ammunition. *United States v. Little*, 829 F.3d 1177, 1182 (10th Cir. 2016).

But two women lived in the apartment where the ammunition was found. So the government needed to show a nexus between Mr. Louie-Jackson and the ammunition. *United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994). He admitted that nexus, confirming to police that the ammunition was his. But a confession like this can show guilt only if the police have other corroborating evidence. *Smith v. United States*, 348 U.S. 147, 152–53 (1954). So we must determine whether the evidence of corroboration was insufficient.

Some of the ammunition was found in a bedroom occupied by Mr. Louie-Jackson's girlfriend. Inside that bedroom were clothes for a

---

[1]    We have sometimes said that insufficient evidence constitutes plain error only if the deficiency in the evidence is clear or obvious. *United States v. Hasan*, 609 F.3d 1121, 1134–35 (10th Cir. 2010); *United States v. Ramos-Arenas*, 596 F.3d 783, 786 (10th Cir. 2010). For the sake of argument, however, we may assume that a conviction without sufficient evidence is inherently a clear or obvious error without regard to the closeness of the issue.

large male. And when the police arrived, Mr. Louie-Jackson was seen outside the apartment without a shirt. So the jury could reasonably infer that Mr. Louie-Jackson had shared the bedroom where ammunition was found.

Some of that ammunition was in a hygiene kit for males. So the jury could reasonably infer that this ammunition belonged to a male. And Mr. Louie-Jackson was the only male known to stay in the apartment.

Finally, some of this ammunition was compatible with a .38 revolver. And weeks before the police found the ammunition, they had found a .38 revolver in a car driven by Mr. Louie-Jackson.

Given the corroborating evidence, the record allowed the jury to attribute the ammunition to Mr. Louie-Jackson. We thus affirm his conviction of unlawfully possessing ammunition.

Entered for the Court


Robert E. Bacharach
Circuit Judge