FILED
United States Court of Appeals
Tenth Circuit

September 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER CHARLES
BLACKBOURN,

Defendant-Appellant.

No. 08-5165
(D.C. No. 4:08-CR-00090-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Christopher Charles Blackbourn appeals his sentence on a conviction for

possession of a stolen firearm. He contends that the district court erred in

applying two enhancements to his base offense level: one because the firearm

was stolen and the other because he possessed the firearm in connection with

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

another felony. He argues that both enhancements constitute impermissible double counting. We disagree and affirm.

## I. BACKGROUND

Mr. Blackbourn was apprehended while smoking marijuana in an apartment where law-enforcement officers discovered numerous weapons, including a firearm in a holster on Mr. Blackbourn's hip. He admitted that he was present during the burglary of a home earlier that day when the firearms were stolen. Mr. Blackbourn was indicted on two counts; count one charged him with possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and count two charged him with possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Under a plea agreement he pleaded guilty to count one, and count two was dismissed.

Using the 2007 United States Sentencing Guidelines Manual, the presentence report calculated a base offense level under USSG § 2K2.1, which applies to the offenses of "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition." Section 2K2.1(a)(6) sets the base offense level at 14 if "the defendant . . . was a prohibited person at the time [he] committed the instant offense." Mr. Blackbourn was a prohibited person because he was unlawfully using marijuana when he possessed the firearm. *See* USSG § 2K2.1(a)(6) n.3

(defining *prohibited person* as "any person described in 18 U.S.C. § 922(g)");
18 U.S.C. § 922(g)(3) ("an unlawful user of . . . any controlled substance.").  This
base offense level was increased four levels because the offenses involved 13
firearms, *see* USSG § 2K2.1(b)(1)(B); another two levels because the firearms
were stolen, *see id*. § 2K2.1(b)(4)(A); and another four levels because he
possessed the firearms in connection with another felony offense, namely, the
burglary in which he stole the firearms, *see id.* § 2K2.1(b)(6) (designated as
USSG § 2K2.1(b)(5) before amendments effective November 1, 2006, *see* U.S.
Sentencing Guidelines Manual, Supp. to App. C, amend. 691).  With a three-level
downward adjustment for acceptance of responsibility, *see* USSG § 3E1.1, the
total offense level became 21.  Mr. Blackbourn's criminal history placed him in
category III, resulting in an advisory guidelines range of 46 to 57 months.

At sentencing, Mr. Blackbourn challenged the enhancements under
§ 2K2.1(b)(4) and (6).  He contended that both enhancements amounted to
impermissible double counting because the activity relevant to each of those
adjustments had already been taken into consideration when he pleaded guilty to
possession of a stolen firearm under § 922(j).  The district court denied the
objections and sentenced him to 55 months' imprisonment.  On appeal
Mr. Blackbourn raises the same challenges to the §§ 2K2.1(b)(4) and (6)
enhancements.

## II.    ANALYSIS

"Because this case involves the district court's legal interpretation of the Sentencing Guidelines, our review is de novo." *United States v. Coldren*, 359 F.3d 1253, 1255–56 (10th Cir. 2004).

### A.    Stolen Firearm Adjustment

Mr. Blackbourn first contends that application of § 2K2.1(b)(4)(A), which provides for a two-level enhancement to the base offense level "[i]f any firearm . . . was stolen," constitutes impermissible double counting because his offense of conviction was possession of a stolen firearm. Mr. Blackbourn's offense of conviction makes it illegal for any person to "receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm . . . , knowing or having reasonable cause to believe that the firearm . . . was stolen." 18 U.S.C. § 922(j).

Mr. Blackbourn misconceives the relationship between the Sentencing Guidelines and the criminal code when he argues that the stolen-firearm enhancement constitutes double counting because possession of a stolen weapon is an element of his § 922(j) offense of conviction. Sentencing courts apply USSG § 2K2.1 to a number of firearm offenses, some involving stolen firearms, some not. Section 2K2.1(b)(4)(A) is the provision that distinguishes between offenses involving stolen firearms and those that do not. Application of that provision does not involve double counting of the fact that Mr. Blackbourn's offense was possession of stolen firearms; on the contrary, application of

-4-

§ 2K2.1(b)(4)(A) is the means by which the guidelines calculation takes into account the stolen-firearm element of his offense in the first instance.

To be sure, §2K2.1(b)(4)(A) is not the only means by which § 2K2.1 takes into account the stolen-firearm element of a firearms offense. Application note 8 for § 2K2.1(b)(4) recognizes that in some circumstances when the base offense level is determined by § 2K2.1(a)(7), that provision implicitly takes into account that the firearm was stolen, and therefore § 2K2.1(b)(4)(A) does not apply.[1] But Mr. Blackbourn's offense level was not determined by using § 2K2.1(a)(7).

In *United States v. Goff*, 314 F.3d 1248, 1249–50 (10th Cir. 2003), we held that if the offense of conviction is possession of a stolen firearm, in violation of § 922(j), the application of § 2K2.1(b)(4) is proper so long as the defendant's base offense level is not determined under § 2K2.1(a)(7). We reasoned that application note 8 (then numbered as note 12) "explicitly applies only to those defendants whose base offense level is determined pursuant to § 2K2.1(a)(7)" and it makes no such exception for defendants whose base offense level is determined

---

[1]    The application note states:

   If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u) or 18 U.S.C. § 924(l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(A). This is because the base offense level takes into account that the firearm or ammunition was stolen.

U.S. Sentencing Guidelines Manual § 2K2.1, cmt. n.8(A) (2007).

by a different subsection. *Id.* at 1250. Accordingly, the district court's imposition of the two-level enhancement under § 2K2.1(b)(4) was correct.

## B. Another-Felony Adjustment

Mr. Blackbourn next contends that application of § 2K2.1(b)(6) was improper. That subsection provides for a four-level increase in the base offense level if "the defendant used or possessed any firearm . . . in connection with another felony offense." USSG § 2K2.1(b)(6). The other felony identified by the district court in this case was the burglary in which Mr. Blackbourn took the firearms.

Because his other felony offense was the burglary at which the firearms were stolen, Mr. Blackbourn argues that application of § 2K2.1(b)(6) constitutes double counting of the offense of possession of stolen firearms (and triple counting when one considers the § 2K2.1(b)(4) stolen-firearm enhancement). He argues that his conduct involved only "one fluid motion–stealing the firearm[s] and at the same time knowing that [they] were stolen, and knowing that he possessed [them] in connection to the theft." Aplt. Br. at 12.

We are not persuaded. We have already explained why the guidelines calculation did not double count the stolen-firearm element of Mr. Blackbourn's offense of conviction. Likewise, his commission of felony burglary was not taken into account in applying § 2K2.1(a)(6) and (b)(4), so application of § 2K2.1(b)(6) causes no double counting.

Moreover, even if the burglary and the possession of stolen firearms were in fact the same conduct (and here, temporally, they were not), the Sentencing Commission explicitly permits application of both §§ 2K2.1(b)(4) and (b)(6). An application note states that the § 2K2.1(b)(6) enhancement applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary" because "the presence of the firearm has the potential of facilitating another felony offense." USSG § 2K2.1(b)(6) cmt. n. 14(B) (2007). This application note was added by the Commission to resolve a circuit split on whether both the (b)(4) and the (b)(6) enhancements can be applied when a defendant participates in a burglary in which firearms are taken. *See United States v. Morris*, 562 F.3d 1131, 1135 (10th Cir. 2009).

In a decision issued after briefing in this case was completed, this court rejected the defendant's argument that application note 14(B) was inconsistent with the another-felony language in § 2K2.1(b)(6). *See id.*, at 1135–36 ("nothing in that guideline suggests that a contemporaneous crime cannot be considered 'another' offense"). We follow *Morris* and reject Mr. Blackbourn's argument regarding § 2K2.1(b)(6).

## III.  CONCLUSION

We AFFIRM the sentence imposed by the district court.

Entered for the Court


Harris L Hartz
Circuit Judge