[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10021
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:08-cr-00003-JTC-ECS-6

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

BRANDON MCCLURE,
a.k.a. Mickey Mouse,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 17, 2010)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Brandon McClure appeals his 125-month sentence following his guilty plea for conspiring to steal firearms from a federal licensee and to receive stolen firearms, in violation of 18 U.S.C. § 371; stealing firearms from a federal licensee, in violation of 18 U.S.C. § 922(u); and receiving stolen firearms, in violation of 18 U.S.C. §922(j). McClure's conviction was based on his participation in the burglary of a federally-licenced firearms dealer, during which he and his 13 co-defendants stole over 80 firearms.

On appeal, McClure argues that the district court improperly calculated his sentencing guidelines range by increasing his base offense level for possessing a firearm in connection with another felony offense, under U.S.S.G. § 2K2.1(b)(6). McClure also argues that the application the § 2K2.1(b)(6) sentencing enhancement constituted impermissible double counting because the district court also increased his base offense level for possessing a stolen firearm, under U.S.S.G. § 2K2.1(b)(4)(A). After careful review, we affirm.[1]

---

[1] McClure also argues, for the first time on appeal, that the application of the § 2K2.1(b)(4)(A) sentencing enhancement constituted impermissible double counting because the district court also increased his base offense level due to the number of firearms involved in his offenses, under U.S.S.G. § 2K2.1(b)(1)(C). He contends that applying both enhancements constituted impermissible double counting.

Because these sentencing enhancements deal with conceptually separate notions relating to sentencing – possession of a stolen firearm and the number of firearms involved, respectively – the district court did not plainly err by applying both in calculating McClure's sentencing guidelines range.

Section 2K2.1(b)(6) provides for a four-level increase in a defendant's base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . ." § 2K2.1(b)(6). The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ." Id. at cmt. n.14(A). For the purposes of this enhancement, "another felony offense" is defined as "any Federal, state, or local offense, other than the . . . firearms possession or trafficking offense, regardless of whether a criminal charge was brought, or a conviction obtained." Id. at cmt. n.14(C).

Although McClure argues that the § 2K2.1(b)(6) enhancement was not applicable to him, the guidelines commentary states that it applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary . . . ." Id. at cmt. n.14(B). McClure does not dispute that the facts he admitted at his plea colloquy were sufficient to show that he took the firearms during the course of a burglary. Rather, he contends that comment 14(B) does not apply in a case such as this, where the object of the burglary was to steal firearms. However, the commentary makes no distinction between circumstances where a burglary was committed in order to steal firearms, and

3

those where a defendant found and took a firearm while committing a burglary for some other reason. Comment 14(B) states that the enhancement is warranted "because the presence of the firearm has the potential of facilitating another felony offense[,]" which is true whether the theft of the firearm was merely incidental to the burglary or was its object. Id. at cmt. n.14(B). Therefore, the application of the § 2K2.1(b)(6) enhancement was not erroneous.

McClure also argues that the application the § 2K2.1(b)(6) sentencing enhancement constituted impermissible double counting because it addressed the same kind of harm that was fully accounted for by the § 2K2.1(b)(4)(A) sentencing enhancement he received for possessing stolen firearms. However, the kind of harm accounted for under § 2K2.1(b)(6), possession of a firearm during a burglary, is conceptually distinct from the notion that a defendant should be punished more severely for possessing a firearm that was stolen. Because the § 2K2.1(b)(4)(A) sentencing enhancement did not fully account for the kind of harm addressed by § 2K2.1(b)(6), the district court did not err in applying both enhancements in calculating McClure's sentencing guidelines range.

**AFFIRMED.**