# United States Court of Appeals
## For the First Circuit

Nos. 17-1978, 17-1979

United States of America,

Appellee,

v.

Adam Brake,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Lynch, Stahl, and Thompson,
Circuit Judges.

Jane Elizabeth Lee, on brief for Appellant.
Halsey B. Frank, United States Attorney, with whom Benjamin M. Block, Assistant United States Attorney, was on brief for Appellee.

September 14, 2018

**STAHL**, <u>Circuit Judge</u>. Defendant Adam Brake pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In calculating Brake's sentence, the district court applied, <u>inter</u> <u>alia</u>, a two-level enhancement for possession of a stolen firearm and a four-level enhancement for using a firearm in connection with another felony. On appeal, Brake challenges the district court's application of these two enhancements. After careful consideration, we affirm.

## I. Factual Background and Prior Proceedings

We briefly summarize the essential facts of the case. "Because this appeal follows a guilty plea, we draw the relevant facts from the plea agreement, the change-of-plea colloquy, the undisputed portions of the presentence investigation report ('PSR'), and the transcript of the disposition hearing." <u>United States</u> v. <u>O'Brien</u>, 870 F.3d 11, 14 (1st Cir. 2017).

In May 2016, in response to a reported burglary, officers from the Berwick (Maine) Police Department stopped a car matching a bulletin for a separate burglary. Brake was inside the car and consented to a search of the vehicle.[1] Police discovered a crowbar and multiple laptop computers in the trunk of the car. At that point, Brake confessed to multiple burglaries in the area.

---

[1] The vehicle's owner and two children were also in the car.

In a subsequent interview following Miranda warnings, Brake reaffirmed his earlier confession and informed police that some of the stolen property remained stashed at a Berwick residence. After a search of the premises (presumably conducted pursuant to a search warrant), police recovered numerous items from multiple burglaries, including currency, electronics, jewelry, and (most notably for purposes of this appeal) nine firearms. On June 5, 2017, Brake pleaded guilty to an information charging possession of a firearm by a felon, and separately admitted to four violations of the terms of his supervised release on an earlier conviction.

Using the 2016 Sentencing Guidelines, the United States Probation Office ("Probation") issued its first PSR for the felon in possession count in July 2017. Based on Brake's criminal history, the PSR calculated a base offense level of 20, see U.S.S.G. § 2K2.1(a)(4)(A), and applied enhancements for specific offense characteristics: (a) a four-level increase based on the number of firearms involved in the offense, id. § 2K2.1(b)(1)(B); and (b) a two-level increase because the offense involved stolen firearms, id. § 2K2.1(b)(4)(A).[2] Following Brake's objections to the first PSR, Probation issued a second PSR which included in its calculation an additional enhancement of four levels because Brake

---

[2] The PSR also included a three-point reduction to Brake's offense level based on acceptance of responsibility.

"used or possessed [] firearm[s] . . . in connection with another felony offense," id. § 2K2.1(b)(6)(B), namely the felony burglaries during which Brake stole the firearms.

Brake objected to both PSRs on a number of grounds, none of which are claimed to be relevant here.[3] The district court overruled all of Brake's objections to the guidelines calculation. On September 25, 2017, the court sentenced Brake to a term of 84 months' incarceration for possession of a firearm by a felon and a concurrent term of 24 months' incarceration for violating the terms of his supervised release.[4] Brake timely appealed.

## II. Discussion

Brake's sole argument in this appeal is that the district court erred in imposing both the two-level enhancement under Section 2K2.1(b)(4)(A) and the four-level enhancement under Section 2K2.1(b)(6)(B). The government both contests this argument and counters that, in any event, Brake's claim has been

---

[3] While Brake objected to the second PSR's addition of the four-level enhancement under Section 2K2.1(b)(6)(B), he staked his objection on different grounds than those raised in this appeal. Brake argued that Probation's inclusion of a new enhancement after he submitted objections was retaliatory. However, Brake did not object to the inclusion of the two-level enhancement pursuant to Section 2K2.1(b)(4)(A) and did not make the "double counting" argument he now makes.

[4] Brake appeals both the revocation of his supervised release, No. 17-1978, and the felon in possession conviction, No. 17-1979, in this consolidated appeal. However, he does not raise any claim of error regarding the sentence imposed for the supervised release violations.

waived because he did not object to the Section 2K2.1(b)(4)(A) stolen gun enhancement when he was before the district court. In response, Brake argues that this argument may have been forfeited, but was not waived because the specific issue of double counting was never addressed below.

The distinction between waiver and forfeiture may be material to the scope of appellate review. Waiver refers to the "intentional relinquishment or abandonment of a known right." United States v. Olano, 507 U.S. 725, 733 (1993) (internal quotation marks and citation omitted). "By contrast, forfeiture refers not to affirmative conduct but rather to a 'failure to make the timely assertion of a right.'" United States v. Gaffney-Kessell, 772 F.3d 97, 100 (1st Cir. 2014) (quoting Olano, 507 U.S. at 733). A waived issue ordinarily may not be reviewed on appeal. Id. Issues forfeited below, however, are subject to plain error review. Olano, 507 U.S. at 733-34.

We need not determine whether Brake waived his objection, as we conclude that Brake's claim does not rise to the level of plain error. "Where a defendant's claim would fail even if reviewed for plain error, we have often declined to decide whether the defendant's failure to raise the issue below constituted waiver or mere forfeiture." United States v. Acevedo-Sueros, 826 F.3d 21, 24 (1st Cir. 2016).

- 5 -

Brake claims that the district court impermissibly "double counted" in applying enhancements for both possessing a stolen firearm, U.S.S.G. § 2K2.1(b)(4)(A), and possessing a firearm "in connection with another felony offense," id. § 2K2.1(b)(6)(B). Brake asserts that, in his case, both enhancements address the possession of firearms stolen during the burglaries (the felonies on which the Section 2K2.1(b)(6)(B) enhancement is predicated). He contends that, in this instance, this constitutes "double counting." In his view, the enhancement for possessing the firearms in connection with the burglaries accounts for the stolen nature of the weapons, rendering the enhancement for possessing stolen firearms duplicative.

Despite its pejorative nomenclature, "[d]ouble counting in the sentencing context is a phenomenon that is less sinister than the name implies." United States v. Lilly, 13 F.3d 15, 19 (1st Cir. 1994) (internal quotation marks and citation omitted). "Multiple sentencing adjustments may derive from 'the same nucleus of operative facts while nonetheless responding to discrete concerns.'" United States v. Fiume, 708 F.3d 59, 61 (1st Cir. 2013) (quoting Lilly, 13 F.3d at 19). Indeed, as this court has observed, "[t]he Sentencing Commission has shown itself fully capable of expressly forbidding double counting under the guidelines when appropriate," United States v. Chiaradio, 684 F.3d 265, 283 (1st Cir. 2012), and it "has not been bashful about

explicitly banning double counting in a number of instances,"
Lilly, 13 F.3d at 19 (collecting examples).  Accordingly, "when
neither an explicit prohibition against double counting nor a
compelling basis for implying such a prohibition exists, courts
should be reluctant to read in a prohibition where there is none."
Chiaradio, 684 F.3d at 283 (internal quotation marks and citation
omitted).

Though a matter of first impression in this circuit, a
number of our sister circuits have wrestled with "double counting"
challenges to the enhancements raised here.  Circuit courts
initially split over the separate but related question of whether
the enhancement for using or possessing a firearm "in connection
with another felony offense" applied to defendants who, like
Brake,[5] began a burglary unarmed but stole firearms during the
crime.  Prior to the 2006 Amendments to the Sentencing Guidelines,
at least three circuits had concluded that gun thefts by prohibited
persons under those circumstances justified enhancements for both
the possession of a stolen firearm and possessing the weapon during
the felony burglary.  See United States v. Schaal, 340 F.3d 196,
199 (4th Cir. 2003); United States v. Kenney, 283 F.3d 934, 936-39
(8th Cir. 2002); United States v. Luna, 165 F.3d 316, 322-24 (5th

---

[5] While the record and briefs are not entirely clear, we assume for purposes of this appeal that Brake was not armed when he entered any of the burgled residences and only acquired the firearms during the course of the burglaries.

Cir. 1999). Other circuits, however, blanched at enhancing sentences based on acquisition of the firearm during a contemporaneous felony. Instead, those courts required a "separation of time" or "distinction of conduct" between the offense of conviction and the "other felony offense" used as an enhancement predicate under Section 2K2.1(b)(6)(B).[6] See United States v. Fenton, 309 F.3d 825, 827-28 (3d Cir. 2002); United States v. Szakacs, 212 F.3d 344, 348-52 (7th Cir. 2000); United States v. Sanders, 162 F.3d 396, 399-402 (6th Cir. 1998). The Sentencing Commission amended the Guidelines in 2006 to resolve this conflict, adding Application Note 14(B) to Section 2K2.1 and clarifying that, even without any additional conduct, acquisition of a gun during a burglary justifies application of the enhancement for possessing a firearm "in connection with another felony offense." See U.S.S.G. app. C amend. 691; U.S.S.G. § 2K2.1 cmt. n.14(B).

We view this history, and particularly the Sentencing Commission's resolution of this interpretive dispute, as dispositive of Brake's claim. Even in the best of circumstances, we are hesitant to infer an extratextual prohibition on "double

---

[6] At the time of these decisions, the enhancement for use or possession of a firearm in connection with another felony offense appeared in Section 2K2.1(b)(5). The Sentencing Commission subsequently renumbered that section in 2006, but did not revise the language of the enhancement. See U.S.S.G. app. C amend. 691. The current numbering is used here for the reader's convenience.

counting" absent a "compelling basis" to do so. <u>Chiaradio</u>, 684 F.3d at 283. Here, the Sentencing Commission's adoption of Application Note 14(B) not only fails to support such an inference; it in fact supports the opposite conclusion. True, that note does not speak directly to the issue at hand: by its terms, it resolves solely the application of Section 2K2.1(b)(6)(B) to burglaries resulting in firearms thefts and does not mention Section 2K2.1(b)(4)(A). In drafting that guidance, however, the Commission adopted a position urged by several circuits as their basis for applying both enhancements. <u>See, e.g.</u>, <u>Kenney</u>, 283 F.3d at 936-39. It is hard to believe that, in adopting that application note, the Commission would have overlooked the potential for both enhancements to be applied or that it intended to prohibit such application.[7] At least two other circuits have taken a similar view of the significance of the Commission's guidance. <u>See</u> <u>United States</u> v. <u>Blackbourn</u>, 344 F. App'x 481, 484 (10th Cir. 2009) (stating that Application Note 14(B) "was added by the Commission to resolve a circuit split on whether both . . . enhancements can be applied when a defendant participates in a

---

[7] This conclusion is reinforced by Section 2K2.1's inclusion of other application notes which limit those enhancements in other ways. <u>See</u> U.S.S.G. § 2K2.1 cmt. n.8(A) (impermissible "double counting" to apply Section 2K2.1(b)(4)(A) where base offense level determined by Section 2K2.1(a)(7) and offense based on one of several enumerated statutory sections); <u>id.</u> at cmt. n.14(E)(ii) (describing factual circumstances in which Section 2K2.1(b)(6)(B) does not apply).

- 9 -

burglary in which firearms are taken"); <u>United States</u> v. <u>Young</u>, 336 F. App'x 954, 959 & n.9 (11th Cir. 2009) (per curiam). Resolving this case does not require us to determine whether the Commission's guidance implicitly endorses the application of Sections 2K2.1(b)(4)(A) and 2K2.1(b)(6)(B) to circumstances like those presented here. Instead, we need only find that there is no basis to interpose an implied prohibition on "double counting" those enhancements, and we have no trouble reaching that conclusion.

Moreover, we view this result as consistent with the purposes behind the enhancements. Though both enhancements "derive from the same nucleus of operative facts" in this case, namely the burglaries,[8] they "nonetheless respond[] to discrete concerns." <u>Fiume</u>, 708 F.3d at 61 (internal quotation marks and citation omitted). In this regard, Brake's claim that both enhancements respond to the stolen nature of the guns is simply incorrect. Though Brake's firearms thefts give rise to the four-level enhancement under Section 2K2.1(b)(6)(B), the sentencing concern addressed by that provision is wholly unrelated to whether the weapon was stolen during the burglary or at any other point.

---

[8] Despite Brake's suggestion that the enhancement for possessing a stolen firearm is based solely on his possession of the weapons during the burglaries, the record indicates that he continued to maintain control over the stolen weapons for some time thereafter. It is thus not obvious that the enhancements are temporally linked to the same period of possession.

Rather, it speaks to the risk that possessing a firearm during a burglary might facilitate that offense or portend other, potentially more serious, crimes. See U.S.S.G. app. C amend. 691 ("The Commission determined that application of [Section 2K2.1(b)(6)(B) to contemporaneous burglaries] is warranted . . . because of the potential that the presence of a firearm has for facilitating another felony offense or another offense."). On the other hand, Section 2K2.1(b)(4)(A) addresses the firearm's prior theft without regard to any risk that it might be used in furtherance of some criminal act. See United States v. Gallegos, 631 F. App'x 875, 880 (11th Cir. 2015) (per curiam) ("[T]he harm accounted for by § 2K2.1(b)(4)(A) is not [the gun's] potential use, but the simple fact that the firearm possessed or transferred was stolen."). Said differently, even where they grow from the same factual root, those enhancements "bear[] upon two separate sentencing considerations" which are entirely distinct from one another. Fiume, 708 F.3d at 61; cf. also United States v. Wallace, 461 F.3d 15, 36 (1st Cir. 2006) (concluding that enhancements for unlawful possession of semiautomatic weapon and for using a weapon or dangerous instrumentality in the commission of an offense addressed discrete concerns). From this perspective, too, we see no fault in applying both enhancements to Brake's conduct.

### III. Conclusion

For the foregoing reasons, we AFFIRM the sentence imposed on the appellant.