**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4447**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SAMUEL LAMONT HARRIS,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00375-WO-1)

Submitted:  May 29, 2020                    Decided:  July 31, 2020

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Lamont Harris pled guilty, pursuant to a written plea agreement, to possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2018). On appeal, Harris argues that his sentence is procedurally and substantively unreasonable because, in calculating his Sentencing Guidelines range, the district court impermissibly double counted by imposing two offense level enhancements based on the same underlying conduct. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id*. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id*. at 51.

In determining Harris' Guidelines range, the district court established a base offense level of 20 because Harris committed the offense after sustaining a felony conviction for a

crime of violence.  U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2018).[1]  The

court added a two-level enhancement because the firearm was stolen, USSG

§ 2K2.1(b)(4)(A); a four-level enhancement because Harris used the firearm in connection

with another felony offense, specifically, breaking and entering into a motor vehicle and

stealing the firearm in question, USSG § 2K2.1(b)(6)(B); and a three-level reduction for

acceptance of responsibility, USSG § 3E1.1, for a total offense level of 23.  This offense

level, combined with Harris' criminal history category of VI, resulted in an advisory

Guidelines range of 92 to 115 months' imprisonment.  USSG ch. 5, pt. A (sentencing

table).  The court sentenced Harris to 84 months' imprisonment.

Harris challenges the dual application of the § 2K2.1(b)(4)(A) enhancement because

the firearm was stolen and the § 2K2.1(b)(6)(B) enhancement for stealing the firearm,

arguing that he essentially was punished twice for the same conduct.  We first note that,

individually, the enhancements were applied properly.  Although Harris was convicted of

possessing a stolen firearm, the § 2K2.1(b)(4)(A) enhancement because the firearm was

stolen was proper because Harris' base offense level was determined under

§ 2K2.1(a)(4)(A), which takes into account only that Harris committed a prohibited

transaction involving a firearm after sustaining a felony conviction for a crime of violence

or a controlled substance offense.  Accordingly, Harris' Guidelines range did not otherwise

account for the firearm being stolen.  *See* USSG § 2K2.1 cmt. n.8(A) (prohibiting

§ 2K2.1(b)(4)(A) enhancement for § 922(j) conviction only when base offense level is

---

[1] Harris has a prior conviction for carrying a firearm during a drug trafficking crime.

determined under § 2K2.1(a)(7)). The § 2K2.1(b)(6)(B) enhancement also was proper because Harris stole the firearm from an unlocked vehicle the morning of his arrest, and the Guidelines provide that the enhancement applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." USSG § 2K2.1 cmt. n.14(B).

Harris' primary claim, however, is not that the individual enhancements were unreasonable but that applying the enhancements together constituted impermissible double counting. "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014) (internal quotation marks omitted). "[T]here is a presumption that double counting is proper where not expressly prohibited by the [G]uidelines." *United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010). The fact that two provisions cover the same conduct "is not a sufficient basis to find impermissible double-counting." *Dowell*, 771 F.3d at 170.

We conclude that, here, the district court did not err. The Guidelines do not expressly forbid the application of both enhancements, and there is nothing in the record to overcome the presumption that double counting is proper in this instance. *See United States v. Schaal*, 340 F.3d 196, 199 (4th Cir. 2003). Moreover, as we have explained, applying both enhancements is permissible because they are "conceptually separate, as evidenced by the fact that either can apply in the absence of the other." *Id.*; *see also United*

4

*States v. Brake*, 904 F.3d 97, 100, 102 (1st Cir.) ("[E]ven where they grow from the same factual root, [the § 2K2.1(b)(4)(A) and § 2K2.1(b)(6)(B)] enhancements bear upon two separate sentencing considerations" (brackets and internal quotation marks omitted)), *cert. denied*, 139 S. Ct. 577 (2018).[2]

Harris also asks this court to review the substantive reasonableness of his sentence. However, he presents no evidence to rebut the presumption of substantive reasonableness, and we discern none. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable.").

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Despite Harris' arguments to the contrary, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and its progeny do not impact our analysis. *Rehaif* reaffirmed the precedent that defendants are required "to possess a culpable mental state regarding each of the statutory elements that criminalize *otherwise innocent conduct*." 139 S. Ct. at 2195 (emphasis added and internal quotation marks omitted). This principle does not apply to sentence enhancements, which are imposed only after the defendant has been convicted of unlawful conduct. *See United States v. Taylor*, 659 F.3d 339, 344 (4th Cir. 2011) (upholding lack of scienter requirement for USSG § 2K2.1(b)(4) and noting that "[i]t is not unusual to punish individuals for the unintended consequences of their *unlawful* acts" (internal quotation marks omitted)). Finally, we conclude that the multiplicity doctrine does not affect our analysis of the application of the § 2K2.1(b) enhancements.