RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0013p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JAMES ANDREW HITCH,

*Defendant-Appellant*.

No. 22-5088

─────────────────

Appeal from the United States District Court for the Eastern District of Kentucky at Lexington.
No. 5:21-cr-00088-2—Danny C. Reeves, Chief District Judge.

Decided and Filed:  January 24, 2023

Before:  GILMAN, McKEAGUE, and GRIFFIN, Circuit Judges.

─────────────────

**COUNSEL**

**ON BRIEF:**  John F. Clark, CLARK LAW FIRM PLLC, Detroit, Michigan, for Appellant. Charles P. Wisdom, Jr., John Patrick Grant, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

─────────────────

**OPINION**

─────────────────

McKEAGUE, Circuit Judge.  Following a guilty plea, James Hitch was sentenced to fifty-one months of imprisonment and three years of supervised release.  He now appeals his sentence, alleging that the district court erred by applying a stolen-firearm enhancement under U.S.S.G. § 2K2.1(b)(4)(A) and an enhancement for possessing a firearm in connection with another felony offense under § 2K2.1(b)(6)(B).  Because application of both enhancements does not constitute impermissible double counting, we affirm.

I.

Hitch and his co-defendant stole six firearms from Whitetail Heaven Outfitters Elite Outdoors Superstore, a federally licensed firearms dealer. Hitch was indicted and ultimately pleaded guilty to theft of multiple firearms from a federally licensed firearms dealer in violation of 18 U.S.C. § 922(u), and illegally possessing firearms after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

The parties entered a plea agreement, in which they jointly recommended the application of two enhancements: first, an enhancement under § 2K2.1(b)(1)(A) for the number of firearms involved; and second, an enhancement pursuant to § 2K2.1(b)(6)(B) because Hitch possessed a firearm in connection with another felony offense. The parties made no agreement about the application of § 2K2.1(b)(4)(A)'s stolen-firearm enhancement and preserved their rights to present arguments in favor or against its application.

The probation department prepared a Presentence Report (PSR). Pursuant to U.S.S.G. § 3D1.2(d), the PSR recommended grouping both counts together. Because the possession count had the higher offense level, it set the base offense level at fourteen pursuant to § 2K2.1(a)(6)(A).

The PSR also recommended applying both the § 2K2.1(b)(1)(A) and § 2K2.1(b)(6)(B) enhancements that the parties agreed to in their plea agreement. Further, the PSR recommended application of the stolen-firearm enhancement, § 2K2.1(b)(4)(A).

Hitch objected to application of the stolen-firearm enhancement, arguing that its application resulted in double counting. The district court overruled his objection.

The district court adopted the PSR's findings and calculations. Hitch's Guidelines range was forty-six to fifty-seven months of imprisonment, and he requested a sentence at or near the bottom of the range. The district court sentenced Hitch to fifty-one months of imprisonment and three years of supervised release. He timely appealed.

II.

We review de novo appeals regarding legal interpretations of the Sentencing Guidelines, including whether impermissible double counting occurred.  *United States v. Clark*, 11 F.4th 491, 493–94 (6th Cir. 2021) (citations omitted).  If precisely the same aspect of a defendant's conduct results in an increase to a sentence in two ways, then impermissible double counting occurs.  *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022).  However, if the defendant is "punished for distinct aspects of his conduct," no double counting occurs.  *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010).  "In other words, district courts may impose two enhancements arising from the same conduct, provided the enhancements penalize distinct harms."  *Nunley*, 29 F.4th at 830 (internal quotation marks and ellipsis omitted).

Hitch argues that the district court's application of the § 2K2.1(b)(4)(A) stolen-firearm enhancement was based on the same conduct as the § 2K2.1(b)(6)(B) other-felony enhancement and thus constitutes double counting.  We addressed a very similar situation in *United States v. Campbell*, which also involved a defendant being a felon in possession of a firearm following his theft of guns from a federally licensed firearms dealer.  No. 21-1493, 2022 WL 1224551 (6th Cir. Apr. 26, 2022).  There, the defendant argued that double counting occurred because his sentence was enhanced for possessing stolen firearms under § 2K2.1(b)(4)(A), and for possessing firearms in connection with another felony offense (that felony offense being theft of firearms from a federal firearms dealer) under § 2K2.1(b)(6)(B), contending that the application of both enhancements "punished him twice 'for indistinguishable conduct.'"  *Id.* at *1.  But we rejected that argument, explaining that the enhancements punish different conduct: "the § 2K2.1(b)(4) enhancement punished [the defendant] for the fact that he possessed stolen guns; the § 2K2.1(b)(6)(B) enhancement punished [the defendant] for the facts that [the defendant] himself had stolen the guns, and had done so from a licensed federal firearms dealer."  *Id.*  Because courts can impose two sentencing enhancements for the same conduct if the enhancements punish "distinct aspects" of the conduct, there was no error.

The same two enhancements at issue in *Campbell* are at issue here.  And although *Campbell* is unpublished, and thus not binding, it is persuasive, and its reasoning yields the same outcome in this case.  *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 205 n.3 (6th Cir.

2004).   And it is consistent with how our sister circuits have approached the issue.   *See, e.g.*, *United States v. Toomer*, 837 F. App'x 416, 416 (8th Cir. 2021) (per curiam); *United States v. Brake*, 904 F.3d 97, 101–02 (1st Cir. 2018); *United States v. McClure*, 396 F. App'x 619, 621 (11th Cir. 2010).   We find no double-counting in this case.

Hitch pushes back and attempts to distinguish *Campbell* and many of our sister circuits' cases because he pleaded guilty not just to possession under § 922(g)(1), but also to theft under § 922(u).   We view this as essentially a second double-counting argument, which fails because it relies on the false premise that the § 922(u) count increased the base offense level in the first instance *and* through the § 922(u) conduct-related enhancements.

When a defendant is convicted of more than one count, the Sentencing Guidelines provide a clear path forward for grouping those counts to determine an offense level.   *See* U.S.S.G. § 3D1.1(a).   There are instances in which multiple counts *do* increase a defendant's offense level, and those instances could arguably result in double counting if enhancements were applied based on the same behavior.   *See* U.S.S.G. § 3D1.4; *but see United States v. Craig*, 420 F. App'x 605, 607 (7th Cir. 2011) (order) (finding no double-counting issue when a multiple-count adjustment and an enhancement covered similar offense behavior because that was the Commission's intent).

In Hitch's case, his two counts were grouped together, and the offense level was calculated based on his felon-in-possession count, because that count produced a higher offense level.   U.S.S.G. § 3D1.3(b).   His base offense level was not increased because of the 18 U.S.C. § 922(u) violation.   *Id.* at § 3D1.4; *see also* PSR 6–7, R. 66, PID # 228–29.   That is, there was no multiple-count adjustment.   *See* U.S.S.G. § 3D1.4; PSR, R. 66, PID # 228.   Accordingly, the § 922(u) offense conduct is reflected in the Guidelines calculation only through the enhancements.   *Cf. United States v. Moon*, 513 F.3d 527, 542 (6th Cir. 2008) (reaching the same conclusion when the counts were grouped and only one of the grouped counts provided the offense level for the group).

*United States v. Fugate*, 964 F.3d 580 (6th Cir. 2020), does not direct a different outcome as Hitch contends.   *Fugate* dealt with enhancements "for engaging in the trafficking of firearms

under § 2K2.1(b)(5), and . . . for *knowingly* trafficking *stolen* firearms under § 2K2.1(b)(6)(B)." *Id.* at 584. We acknowledged that, normally, these two enhancements would not result in double counting because they punish distinct aspects of a defendant's conduct, yet found double counting because an Application Note directed that the two enhancements could not both apply in that *specific* instance. *Id.* at 885–87. There is no such Application Note that bars application of the two enhancements at issue in this case.

III.

For the foregoing reasons, we AFFIRM the judgment of the district court.